1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 | KEITH ROBERT LUGO,

10 |        Petitioner,

11 |   v.

12 | R FISHER,

13 |        Respondent.

Case No. 1:25-cv-00917-EPG-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

14

15      Petitioner Keith Robert Lugo is a state prisoner proceeding *pro se* with a petition for writ

16 of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the petition fails to state a cognizable

17 federal habeas claim, the undersigned recommends that the petition be dismissed.

18 **I.**

19 **BACKGROUND**

20      In 1990, Petitioner was convicted in the San Diego County Superior Court of two counts

21 of first-degree murder with use of a firearm. Petitioner was sentenced to an imprisonment term of

22 fifty-one years to life. (ECF No. 1 at 1–2.[1]) In the petition, Petitioner challenges the Board of

23 Parole Hearings' denial of parole. (ECF No. 1 at 1; ECF No. 1-2.)

24 **II.**

25 **DISCUSSION**

26      Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a

27 habeas petition and allows a district court to dismiss a petition before the respondent is ordered

28

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner challenges denial of parole, arguing that the Board denied Petitioner due process and equal protection. (ECF No. 1-2.) "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. U.S. 1, 7 (1979). "[O]nly state law can give rise to a liberty interest in parole that is entitled to the protections of the Due Process Clause of the Constitution." Miller v. Oregon Bd. of Parole & Post Prison Supervision, 642 F.3d 711, 712 (9th Cir. 2011). "[T]he Ninth Circuit [has] held that California law creates a liberty interest in parole," and the Supreme Court noted such a holding "is a reasonable application of our cases." Swarthout v. Cooke, 562 U.S. 216, 219–20 (2011) (per curiam).

> When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. "The Constitution," we held, "does not require more."

Cooke, 562 U.S. at 220 (citations omitted).

"Because the only federal right at issue is procedural, the relevant inquiry is what process [the prisoner] received . . . ." Cooke, 562 U.S. at 222. "If the state affords the procedural protections required by *Greenholtz* and *Cooke,* that is the end of the matter for purposes of the Due Process Clause." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Here, Petitioner asserts that the Board failed to give great weight to the diminished culpability of juveniles as compared to adults, arbitrarily removed all the mitigating factors previously awarded by the previous Board in support of suitability, and improperly shifted the burden of proof for suitability. (ECF No. 1-2 at 6–7.) The petition does not allege that Petitioner was deprived of an opportunity to be heard or that he was not provided a statement of reasons why parole was

denied. "[T]herefore, after *Cooke*, our inquiry is at its end," <u>Pearson v. Muntz</u>, 639 F.3d 1185, 1191 (9th Cir. 2011), and the petition fails to state a claim for federal habeas relief.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2025**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE