# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBERT LUGO,<br><br>        Petitioner,<br><br>   v.<br><br>R FISHER,<br><br>        Respondent. | No. 1:25-cv-00917 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 11) |

    Keith Robert Lugo is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 15, 2025, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for failure to state a cognizable federal habeas claim. (Doc. 11.) The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within thirty days after service. On September 18, 2025, Petitioner filed timely objections. (Doc. 12.)

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis. Petitioner's objections are not persuasive. For example, he appears to rely on

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 378-79 (2024), to suggest that this Court should not defer to the state parole board. (Doc. 12 at 1–2.) *Loper Bright* is inapposite. There, the Supreme Court overruled *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and held instead that federal courts should not defer to federal agency interpretations of ambiguous statutes. No such interpretation is at issue here, nor is this a case about federal court deference to a federal agency.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 15, 2025 (Doc. 11) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to **CLOSE THE CASE**.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 3, 2025**

UNITED STATES DISTRICT JUDGE